COHEN v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Term.   April 8, 1909.)

1. CARRIERS (§ 318*)—CARRIAGE OF PASSENGERS—ASSAULT ON PASSENGER—AC-
TION—EVIDENCE.

In an action by a passenger for an assault by the conductor on car
No. 3,717, proof that plaintiff's attorney had informed defendant that
the assault occurred on car No. 3,771, that the information was given
voluntarily, after the denial of a motion for a bill of particulars, and
at a time when the attorney was under no obligation to give the in-
formation, which was given over the telephone, did not show such bad
faith of plaintiff as to impeach him, authorizing judgment for defendant.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1307; Dec. Dig.
§ 318.*]

2. CONTINUANCE (§ 22*)—GROUNDS—ABSENCE OF WITNESS.

Where, in an action by a passenger for an assault by the conductor,
plaintiff testified that the assault was committed on car No. 3,717, the
court, on believing the testimony of defendant that it had no witnesses,
because plaintiff's attorney had stated that the assault was committed
by the conductor on car No. 3,771, might adjourn the case, so as to give
defendant time to produce evidence as to car No. 3,717, but it could
not give a verdict for defendant on the merits.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. § 58; Dec.
Dig. § 22.*]

Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

Action by Harry Cohen against the Brooklyn, Queens County &
Suburban Railroad Company.  From a judgment for defendant, plain-
tiff appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEH-
MAN, JJ.

Nathan Greenbaum (Albert J. Rifkind, of counsel), for appellant.

George D. Yeomans (Francis R. Stoddard, Jr., of counsel), for re-
spondent.

PER CURIAM.   The plaintiff brought this action to recover for
an alleged breach of contract of carriage by reason of an assault by
a conductor employed by the defendant upon a car the number of
which the plaintiff's counsel stated upon the trial to be 3,717.   The
defendant introduced testimony tending to show that the plaintiff's
attorney had informed the investigators of the defendant that the
number of the car was 3,771, and that no such assault occurred on
car No. 3,771 on or about the time when the plaintiff claimed that the
assault was made, and that no report of such accident had been made.
The testimony of the plaintiff was uncontradicted.   The testimony
of the defendant's witnesses as to what the plaintiff's attorney had
told them as to the number of the car was material on only two
points:  (1) Good faith of the plaintiff;  (2) as explanatory of the
defendant's failure to call a witness.

As bearing on the good faith of the plaintiff, it must be remem-
bered that the testimony shows that this information was apparently

given voluntarily, after the motion for a bill of particulars had been denied, and at a time when the plaintiff's attorney was under no obligation to give this information. It was given over the telephone, and it is certainly apparent that there might easily be an error in understanding the number given. We therefore conclude that the testimony does not show such bad faith on the part of the plaintiff that he can be said to have been impeached.

Upon the second point, if the justice believed the testimony in question, it may have been within his discretion to adjourn the case, so as to give the defendant time to produce evidence in regard to car No. 3,717; but it was not his duty to give a verdict for the defendant upon the merits.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.